T.C. Summary Opinion 2002-17

UNITED STATES TAX COURT

DIANE MARIE MURDOCH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10260-00S.                    February 27, 2002.

Diane Marie Murdoch, pro se.

David R. Jojola, for respondent.

COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 in effect at the time the petition was
filed.[1]  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.

Respondent, in a notice of deficiency, determined against petitioner the following deficiencies in Federal income taxes and additions to tax for the years indicated:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|--------------------------------|
| 1994 | $3,154 | $388.00 |
| 1995 | 3,116 | 419.00 |
| 1996 | 2,486 | 390.75 |
| 1998 | 2,359 | 304.25 |

In a written stipulation filed by the parties, petitioner conceded all the adjustments in the notice of deficiency, except the additions to tax under section 6651(a)(1). The parties further stipulated that, in addition to the section 6651(a)(1) issue, the remaining issue was whether petitioner was entitled to deductions for trade or business expenses incurred in a dog breeding activity. Accordingly, the stipulated facts are so found, along with the exhibits annexed thereto. At the time the petition was filed, petitioner's legal residence was Riverside, California.

At the time this case was called from the calendar at the opening of the trial session, petitioner appeared. At that time, she and counsel for respondent executed the stipulation referred to. However, petitioner failed to appear at the time scheduled for trial of her case. The sole evidence presented to the Court in support of petitioner's case is the stipulation referred to

above.  Accordingly, the Court decides the merits of petitioner's case on such record.  As noted above, petitioner conceded all the adjustments in the notice of deficiency, except for the section 6651(a)(1) addition to tax.  Having made such a concession, and with no evidence having been presented to show that petitioner would not be liable for the resulting deficiencies in tax, the Court sustains respondent on the deficiencies in tax determined in the notice of deficiency.

The first issue is whether petitioner is liable for the addition to tax under section 6651(a)(1).  Section 6651(a)(1) provides for an addition to tax for failure to file a return timely, unless the failure is due to reasonable cause and not due to willful neglect.  Under section 6072, income tax returns must be filed on or before the 15th day of April following the close of the taxable year, subject to exceptions not pertinent here. In the stipulation, petitioner agreed that she did not file any Federal income tax returns for the years 1994, 1995, 1996, and 1998.  The stipulation does not provide any reason for which petitioner failed to file returns for these years.  Respondent, therefore, is sustained on this issue.

The next issue is petitioner's claim to deductions for trade or business expenses incurred in a dog breeding activity.  No evidence was presented at trial with respect to this issue, nor does the stipulation of facts contain any factual information

regarding this claimed activity.  Since petitioner did not file tax returns for the years at issue, and since there is no factual agreement in the stipulation with regard to this activity, the Court holds that petitioner is not entitled to deductions for a trade or business activity for any of the years at issue. Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.